ROBERTSON

*v.*

COMMONWEALTH.

(*Supreme Court of Appeals of Virginia, June 19, 1894.*)

[19 S. E. Rep. 877.]

**Bill of Exceptions—Time of Presenting.***

If there is no exception nor bill of exceptions at the time of a
ruling, nor during the term, a motion for a bill of exceptions at a
subsequent term comes too late.

Error to circuit court, Franklin county ; S. G. Whittle,
Judge.

*S. W. Anderson,* for plaintiff in error.

*R. Taylor Scott, Atty. Gen.,* for the Commonwealth.

LACY, J., delivered the opinion of the court.

This is a writ of error to a judgment of the circuit court
of Franklin county, rendered on the 13th of January, 1894,
denying a petition for mandamus, prayed for, to compel the
county court judge of said county to sign a bill of excep-
tions.   The bill of exceptions was not tendered to the rul-
ing of the county court, sought to be excepted to, at the
term at which the ruling was made, but at a subsequent
term,—two terms afterwards.   The ruling objected to after-
wards was not excepted to at the time, nor at the time when

---

*See monographic note on "Bills of Exception" appended to
Stoneman *v.* Com., 25 Gratt. 887 (Va. Rep. Anno.).

it was made, as stated, and was in substance a motion to allow the defendant, after assignment, and after plea to the merits, two terms afterwards, to withdraw his plea of not guilty, in order to offer a plea in abatement to the form of the grand jury.   There is no doubt that if a bill of exceptions be tendered as to the ruling of the court at the trial, and if it fully state the facts (if the truth of the case be fairly stated therein), the judge must sign it, and it must be made a part of the record of the case (Code Va. § 4055), if the point be reserved at the time ;  but if there is no exception at the time, nor bill of exceptions, nor exceptions taken during the term, the exception comes too late at any subsequent term.   The bill of exceptions was not tendered here until after the verdict, and the exception not sooner taken. This was too late to seek to reopen the case for a dilatory plea, designed not to affect the trial, which was practically ended, but to raise a question not raised by the record of the trial, for the admitted purpose of raising the question in an appellate court.   The petition was demurred to, and the demurrer sustained, and the case brought to this court by writ of error.   The circuit court did not err in its judgment.   For reasons already stated, the exception and the bill of exceptions came too late.   Judgment affirmed.